# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7578 | **DATE** | December 6, 2010 |
| **CASE TITLE** | United States ex rel. Jose Quintero (#B-12594) vs. Nedra Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner is ordered to show good cause in writing why his petition should not be dismissed as time-barred and/or procedurally defaulted. Failure to show cause by 1/10/2011 will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner must provide the Court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Jose Quintero, a state prisoner, has brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for attempted murder on the grounds that: (1) his convictions and sentences are void as they violate the Illinois Single Subject Rule; (2) the state court committed plain error; and (3) the state appellate court erred in allowing Petitioner's counsel to withdraw.

Having demonstrated that he is indigent, Petitioner's motion for leave to proceed *in forma pauperis* is granted. Although Petitioner has paid the statutory filing fee, his IFP status may affect such future considerations as his eligibility for court-appointed counsel. However, Petitioner is ordered to show cause why the petition should not be summarily dismissed on initial review as procedurally defaulted or, in the alternative, as time-barred.

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. See *Rose v. Lundy*, 455 U.S. 509 (1982). "Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *O''Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, Petitioner indicates that he did not directly appeal his conviction. He did file a direct appeal, but he admittedly failed to appeal its dismissal to the Illinois Supreme Court. Federal review is not available if Petitioner has not exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A). "Failure to exhaust available state court remedies constitutes a procedural default." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) (citing *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999)).
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Furthermore, irrespective of exhaustion concerns, the habeas petition would appear to be untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

Petitioner states that the trial court denied his appeal petition in August of 2001. He pleads that he did not attempt any form of post-conviction relief until June of 2009, which was denied in June of 2010. Petitioner initiated the instant action on November 24, 2010, nine years after his appeal was denied. While Petitioner did file a post-conviction proceeding seeking relief from judgment, he did so nine years after the one-year limitation period for seeking federal habeas review had already expired. Whether or not the State entertained the petition for relief from judgment and decided the matter on the merits, the subsequent state proceedings did not restart the "federal clock" after the statute of limitations had extinguished any right to federal habeas review. See *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

Petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus therefore would appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997).

For the foregoing reasons, Petitioner is ordered to show good cause in writing why the petition should not be dismissed as procedurally defaulted and/or time-barred. Failure to show cause by 1/10/2011 will result in summary dismissal of the second amended petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.