Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7578 | **DATE** | 7/29/11 |
| **CASE TITLE** | United States ex rel. Jose Quintero (#B-12594) vs. Nedra Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner has responded to the Court's order of 4/20/2011, granting Petitioner time to respond to the Court's 12/6/2010, order to show cause as to why his petition for habeas relief should not be dismissed as untimely with a motion [12]. The motion [12] is denied. The Court concludes that Petitioner's petition is untimely. This case remains closed.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

    On December 6, 2010, this Court ordered Petitioner to show cause as to why his petition for habeas relief should not be dismissed as untimely. On January 21, 2011, having received no such response, the Court dismissed the petition. On April 14, 2011, Petitioner submitted correspondence to the Court indicating that he had never received the Court's order of December 6, 2010, so had no opportunity to respond to the order to show cause. On April 20, 2011, the Court granted Petitioner 28 days to respond to the Court's order to show cause. Petitioner submitted his response on May 17, 2011.

    Petitioner's argument in his response is that, because he is entitled to challenge the constitutionality of the statute under which he was convicted at any time under Illinois law, his petition is not untimely. Whether Illinois courts allow for a constitutional challenge at any time, however, does not affect the one-year limitations period under 28 U.S.C. § 2244(d). "[A] state's latitude or lassitude with respect to time does not extend the AEDPA's limit." *De Jesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). To the extent that Petitioner contends that the applicable limitations period for this case is set out in § 2244(d)(1)(C), he is incorrect. Section 2244(d)(1)(C) provides the one-year limitations period begins from the date on which "the constitutional right asserted was initially recognized by the U.S. Supreme Court, if the right is newly recognized and made retroactively applicable to cases on collateral review." Petitioner does not allege, and this Court knows of no cases demonstrating, that the United States Supreme Court has determined that the statute under which he was convicted was declared unconstitutional within a year of the date he filed the instant petition.

    Petitioner's contention about being able to challenge the constitutionality of a state statute at any time does not affect the limitations period in this case. Accordingly, the limitations provision that governs Petitioner's petition is contained in § 2244(d)(1)(A), which provides that petitioners seeking habeas relief under 28 U.S.C. § 2254 have one year from the date on which the judgment became final by the conclusion of direct review.
**(CONTINUED)**

AWL

## STATEMENT

    Petitioner appealed his conviction to the Illinois Appellate Court and the Appellate Court affirmed his conviction in August of 2001 (see Petitioner's petition, p. 2). Petitioner pleads that on advice from counsel, he declined to appeal the Appellate Court's ruling to the Illinois Supreme Court. *Id.* Petitioner did not seek collateral review of his conviction until June of 2009, almost eight years after the Appellate Court affirmed his conviction. (*Id.* at p. 4.) As previously noted, whether or not the State entertained the petition for relief from judgment and decided the matter on the merits, the state proceedings did not restart the "federal clock" after the statute of limitations had expired. See *De Jesus*, 567 F.3d at 942-43. Consequently, Petitioner's petition is time-barred. See *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997).

    As Petitioner's petition is time-barred, this case shall remain closed.