# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7578 | **DATE** | 9/14/2011 |
| **CASE TITLE** | United States ex rel. Jose Quintero vs. Nedra Chandler, et al. | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for leave to appeal *in forma pauperis* [17] is denied without prejudice. The Clerk is directed to send Petitioner an IFP application form and Petitioner is ordered either to (1) pay the statutory fee or (2) submit the properly completed and certified IFP application within 30 days of the date of this order. If Petitioner fails to submit the properly completed and certified IFP application according to this order, the motion to proceed IFP on appeal will be denied. Additionally, for the reasons stated below, the Court declines to issue a certificate of appealability as the Court concludes that its determination that the petition is time-barred would not engender debate among jurists of reason. See *Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2000). The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■[ For further details see text below.]  Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

Petitioner, a state prisoner, filed this *pro se* habeas action pursuant to 28 U.S.C. § 2254. In its order of July 29, 2011 [13], the Court dismissed the petition as untimely. Petitioner has filed a notice of appeal from the final judgment.

As an initial matter, Petitioner's motion for leave to proceed on his appeal *in forma pauperis* [17] is denied without prejudice. Petitioner has submitted an IFP application containing insufficient information for the Court to determine whether he is able to pay the appellate filing fee or satisfy the criteria set forth in Fed. R. App. P. 24(a). Notably, Petitioner has not attached the certification of the appropriate institutional officer attesting to the balances in Petitioner's institutional accounts. Petitioner also reports that his spouse earned $63,000 over the past twelve months and anticipates earning $3,000 in the next month; such income most likely would disqualify Petitioner from an award of IFP status even if he is able to submit a full and complete application. At this time, however, Petitioner's motion for leave to appeal *in forma pauperis* is denied without prejudice.

The Court also declines to issue a certificate of appealability as to all claims and issues advanced in the habeas corpus petition. See 28 U.S.C. § 2253(c). To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court denies habeas relief on procedural grounds, including untimeliness, without reaching the merits of the petitioner's claim, a certificate of appealability should issue only if the petitioner has shown both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2000). For the reasons stated in detail in the Court's prior opinion [13], the Court does not believe that the untimeliness of the instant petition is debatable among jurists of reason. Petitioner's attempt to invoke Illinois law in support of his

| STATEMENT |
|---|

argument for overcoming the time bar identified by the Court is unpersuasive. Federal law – in particular, 28 U.S.C. § 2244(d)(1)(A) – provides the applicable statute of limitations for Petitioner's action. As explained in the Court's July 29 order, Petitioner filed his action several years after the applicable federal statute of limitations had run. Therefore, this Court does not certify any of Petitioner's claims for appeal.

If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or, in the alternative, file an *in forma pauperis* application complete with a certificate from a prison official stating the amount on deposit in the prisoner's trust account. The Clerk is directed to send Petitioner an *in forma pauperis* application. If Petitioner fails either to pay the filing fee or file a fully completed application to proceed without prepayment of costs and fees within thirty days, the Court will deny his motion to proceed *in forma pauperis* on appeal. Petitioner is reminded that he must provide the Court with the original plus a judge's copy of every document filed. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.